Caruthers, J.,
delivered tlie opinion of the Court.
This is a case of a contested will. Gr. W. L. Marr, the father of the parties, died on the - day of March, 1856, on island No. 10, in the Mississippi river, at an advanced age.
After a veiy thorough search made among his papers, under the supervision and direction of his children, parties to this suit, the firm conviction was adopted that it was a case of intestacy. Upon this presumption the heirs divided out the money and stock on hand, and made partition among themselves of a part of the real estate, of the value of about two hundred thousand dollars, and administration was granted both in Kentucky and Tennessee. About six months after the death, viz: in the month of September, plaintiff, R. P. Marr, found the paper now propounded as the will. It is without witnesses, but is proved very fully and clearly, according to the' requirements of the act of October, 1784, ch. 10, sec. 5, to be all in the proper hand writing of the deceased, with his signature thereto. The whole contest is upon that provision of the statute in relation to the place of deposit of the paper. In order to make a good will under that act, it must be left among the “ valuable" papers or effects” of the deceased.
The act of April, 1784, ch. 22, sec. 11, provided that no will should be good to pass lands, without, at least, two subscribing witnesses signing as such, in the presence of the testator, and having no interest in any devise of the land disposed of by the will. In October of that year, they excepted from the strict requirements of the previous act in relation to witnesses, the *387 case of holographic wills deposited by the testator “in the hands of any person for safe keeping,” or “found among the valuable papers or effects, provided the hand writing of the deceased was well known by his acquaintances, and every part of the will proved to be in his hand waiting by three witnesses.
The exposition of this statute has been so fully given in the case of Crutcher vs. Crutcher, 11 Humph., 377, and some other cases, that it is unnecessary again to reiterate it, nor does the question now presented require it. There is, perhaps, no sufficient departure from the doctrine of those cases, in the charge before us, to require comment. But the point, in the charge, in which it is alleged there is error, is in relation to the force given to a single circumstance in the proof. The main question of fact on which the case turned, was whether the paper was found among the “valuable papers” of the deceased. .The deceased was a man of very large wealth and extensive business. His papers were very numerous and found in several places about his' house. After his death, they were collected together, and placed in two trunks under lock. Three days examination was made, as before stated, of these papers, in the presence of the heirs and at their request, by disinterested - persons, the main object of which was to ascertain whether there was a will left or not. Many of the papers were tied up in bundles with labels. In one of these bundles or, files, labelled, “papers of no value,” of “ but little value,” or no value now,” as it is alleged, the paper in contest was found. The charge in relation to that circumstance is very emphatic and reads as follows:
*388 “If it was in a bundle or file marked of no value by Maj. Marr, it would be a strong circumstance against tbe will, if not conclusive.” Again: “If tbe will came out of a bundle marked of no value, by Maj. Marr, it is a strong and almost irresistible circumstance. And again: Suppose you trace it, and find it was in a bundle of papers marked of no value, by Maj. Marr, but wbicb contained some papers of value, tbe reason of tbe law is to ascertain if it be tbe will of Gr. W. L. Marr, and if be put it into a bundle wbicb be considered of no value, it would show he did not intend to put it with valuable papers, and that be did not intend it to be bis will.
On this material and turning point in tbe case, we think his Honor erred. Tbe force and effect of tbe fact of tbe label was not for tbe Oourt but tbe jury to determine. That of itself might not, in tbe opinion of the jury, conclusively show, “that be did not intend it to be bis will,” nor might they regard it as a “ strong and almost irresistible mrcumstance,” of tbe fact that be did not intend it to be bis will. If it were put there by accident, or by another, or to avoid discovery while be lived, it would be of but little or no force to make out intention against tbe will. So tbe weight of this single fact would depend very much upon tbe surrounding circumstances, and tbe legitimate presumptions to be made by tbe jury from all the facts proved. It was their province, and not that of tbe Court, to determine whether it was a strong and irresistible, or a very slight and inconclusive circumstance. They might regard it as sufficient to control their verdict, or they might not. Tbe jury being tbe triers of facts and *389 ■weighers of evidence, by our system, must be left to the free exercise of their judgment, without the undue bias that the opinion of the Court would naturally produce upon their minds. It is for the Court to say that the evidence is competent and admissible, but whether it is true, or what weight it shall have on the issue, is for the jury to determine. The Court can only consider of this upon motions for new trials. The Court, under the constitution, can only state the evidence, not weigh it. The jury get the law from the Court, but facts from the proof.
Whether the jury would, or should have given the same force to the fact in question that the Court did, under all the circumstances in proof, is not for us any more than his Sonot\to say. We would not trammel them with our opinion upon another trial, as to the proper force of this single fact, in mahing up their judgments on the whole case. It is a proper circumstance to go to the jury and to be considered by them, but the presumption it raises on the question of intention, is not a legal and conclusive one, but is only a fact tending to a conclusion. We forbear to comment upon the evidence, as the case .must be re-tried. We would not be understood as even intimating any opinion as to the force and effect of the fact of the label. Another jury, under a correct charge, will be left free to settle that question.
A question of evidence is also raised by the record and argued before us, that it will be necessary to settle now. Objection was made to oral proof of the inscription on the label, upon the ground that it, being a writing, was the best evidence of its contents, and could not be established by secondary evidence without *390 laying grounds, &c. The Circuit Judge overruled the objection, and as we think, correctly. This was not a writing in the sense of the rule on that subject. If it be in the possession of defendants, as it is alleged, they would be ordered by the Court to produce it on motion, and in case of failure to do so, without sufficient excuse, its force as a fact, would be very much weakened.
The judgment will have to be reversed on the first point, and the case remanded for a. new trial.